# In the United States Court of Federal Claims

CLEOPATRA NITA TRUMBLEY

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 25-2083
Filed May 4, 2026

Cleopatra Nita Trumbley, Dunkerton, Iowa, plaintiff, pro se.
Albert S. Iarossi, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**
**Granting the government's motion to dismiss, granting Ms. Trumbley's motion
to proceed in forma pauperis, and denying Ms. Trumbley's other motions**

Cleopatra Trumbley, proceeding without an attorney, filed a complaint in this court seeking "specific relief" against the United States. ECF No. 1 at 1. Ms. Trumbley appears to allege that she was recruited by the government at age thirteen and is owed back pay. *Id.* at 1-2. The complaint requests reconstruction and certification of service records dating from 1998 to the present; calculation and payment of back pay and related compensation; delivery of entitlements; and "[i]mmediate identification, disclosure, and distribution of any irrevocable trust(s) established for [Ms. Trumbley's] benefit under presidential protective services." *Id.* at 1. Ms. Trumbley moved to proceed in forma pauperis. ECF Nos. 2, 6. The government moved to dismiss Ms. Trumbley's complaint. ECF No. 9. Ms. Trumbley filed a motion for the assignment of a classified information security officer (ECF No. 10) and moved to compel discovery (ECF No. 16).

Because Ms. Trumbley does not allege facts that are sufficient for establishing jurisdiction, the court will grant the government's motion to dismiss, deny Ms. Trumbley's motion to compel discovery and the production of documents, and deny Ms. Trumbley's motion to assign a classified

1

information security officer. The court will grant Ms. Trumbley's motion to proceed in forma pauperis.

## I.    Background

Ms. Trumbley alleges that she was recruited at age thirteen into classified federal service and has since completed twenty-seven years of excepted presidential service, from 1998 to the present. ECF No. 1-1. Ms. Trumbley filed a complaint seeking the "[i]mmediate location, reconstruction, and certification of all service records" from 1998 to the present; "[o]fficial calculation and full disbursement of all back pay, deferred incentives, and 2025 shutdown retroactive pay"; and the "delivery" of seven different forms of "earned entitlements," including the "[i]mmediate identification, disclosure, and distribution of any irrevocable trust(s) established for [her] benefit under presidential protective services." ECF No. 1 at 1.

## II.    Discussion

This court's jurisdiction is primarily defined by the Tucker Act, which provides the court with exclusive jurisdiction to decide specific types of monetary claims against the United States "in cases not sounding in tort." 28 U.S.C. § 1491(a)(1); *Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994). The Tucker Act provides this court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004).

A "plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). This court has traditionally held the pleadings of a pro se plaintiff to a less stringent standard than those of a litigant represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating that pro se complaints "however inartfully pleaded are held to less stringent standards than formal pleadings

drafted by lawyers" (marks omitted)). The court has therefore exercised its discretion in this case to examine the pleadings and record "to see if [the pro se] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Ct. Cl. 456, 468 (1969). Regardless, pro se plaintiffs still have the burden of establishing the court's jurisdiction by a preponderance of the evidence. *See Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

This court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Rules of the Court of Federal Claims (RCFC), Rule 12(h)(3); *see also* RCFC 12(b)(1). "[W]holly insubstantial and frivolous claims" fail to "raise a substantial federal question for jurisdictional purposes." *Shapiro v. McManus*, 577 U.S. 39, 45 (2015) (cleaned up); *see Boeing Co. v. United States*, 968 F.3d 1371, 1383 (Fed. Cir. 2020) ("Allegations of subject matter jurisdiction, to suffice, must satisfy a relatively low standard—[they] must exceed a threshold that has been equated with such concepts as essentially fictitious, wholly insubstantial, obviously frivolous, and obviously without merit." (cleaned up)).

### A.    This court lacks subject-matter jurisdiction over the substance of Ms. Trumbley's complaint

Ms. Trumbley alleges scant facts. She states that she "was recruited at age 13 under lawful authority" (ECF No. 1) for "Presidential Service," and that she served for "twenty-seven continuous years … under direct presidential assignment" (ECF No. 1-1). Ms. Trumbley requests "Specific Relief." ECF No. 1.

#### 1.    This court does not have jurisdiction over Ms. Trumbley's non-money requests

The court generally does not have jurisdiction over standalone claims for injunctive and other equitable relief. *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005) ("[T]he absence of a money-mandating source [is] fatal to the court's jurisdiction under the Tucker Act.");

3

*see Boston v. United States*, No. 22-1880, 2022 WL 17986135, at *2 (Fed. Cl. Dec. 29, 2022) (explaining that, other than in bid-protest cases under 28 U.S.C. § 1419(b), injunctive relief in this court "must be ancillary to an award of monetary relief"). This court therefore cannot address Ms. Trumbley's requests for a "[c]lean records settlement agreement"; "TSA PreCheck / Global Entry registration"; "Purple Heart recognition"; or the "[i]mmediate location, reconstruction, and certification of all service records" from 1998 to the present. ECF No. 1; *see generally Lewis v. United States*, 175 Fed. Cl. 507, 512 (2025) (explaining that the court does not have jurisdiction over requests to establish clear title or remove clouded titles); *Richardson v. United States*, 170 Fed. Cl. 598, 601 (2024) (explaining that the court does not have jurisdiction over equitable requests for "a new identity, declaration of death, or expungement of a felony conviction"). Nor can the court address Ms. Trumbley's request for "mandatory injunctive relief, complete administrative resolution, and irrevocable-trust distribution." ECF No. 1; *see Boston*, 2022 WL 17986135, at *2.

### 2. This court does not have jurisdiction over Ms. Trumbley's requests for back pay

Ms. Trumbley also requests back pay. While this court generally can address back-pay claims against the federal government, Ms. Trumbley does not meet the minimum standards to establish this court's jurisdiction. In her opposition to the government's motion to dismiss, Ms. Trumbley recites the language of the Tucker Act and the elements of a contract claim, but, as with her complaint, she provides no supporting facts. ECF No. 12. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" for pleading or jurisdictional purposes. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Crow Creek Sioux Tribe v. United States*, 900 F.3d 1350, 1355 (Fed. Cir. 2018).

Ms. Trumbley has not provided any explanation or evidence that she was employed by the federal government or that the government owes her any back pay, deferred incentives, retroactive

pay, or any of the other "earned entitlements" she seeks in her complaint. *See* ECF No. 1 at 1. As an attachment to her opposition to the motion to dismiss, Ms. Trumbley submitted a letter from the CIA, which states that the agency was unable to "locate any responsive records that would reveal a publicly acknowledged or unclassified affiliation with the CIA." ECF No. 12-2 at 1. The Office of Personnel Management told Ms. Trumbley that a "thorough search of [its] retirement record files, based on the name(s) you provided, failed to locate a record of your past federal service." ECF No. 12-3 at 1. She provided no attachments that indicate that she might have worked for the federal government. Ms. Trumbley also does not explain how she might have worked for the federal government at age thirteen, when the United States' child labor laws generally prohibit children under age sixteen from working, whether for the government or elsewhere. *See* 29 U.S.C. §§ 203, 212, 213. Thus, even under the less stringent pleading standards for pro se plaintiffs, Ms. Trumbley has not met her burden to show that this court has jurisdiction over her complaint or that her allegations are anything but "wholly insubstantial," *Boeing*, 968 F.3d at 1383.

### B.  Discovery is inappropriate in this case, as is appointing a classified information security officer

Because the court lacks jurisdiction over Ms. Trumbley's complaint, the court cannot grant Ms. Trumbley's other motions, either to compel discovery or to appoint a classified information security officer. "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (quotation marks omitted).

A court can grant jurisdictional discovery when there is a factual question about the court's jurisdiction. *Cf. Medical Solutions, Inc. v. C Change Surgical LLC*, 541 F.3d 1136, 1142 (Fed. Cir. 2008) (affirming the denial of such a motion where the court did not "see what facts additional discovery could produce that would affect [its] jurisdictional analysis" (quotation marks omitted)).

The court will grant a motion to compel discovery only when the plaintiff demonstrates "that the requested discovery is … likely to engender a genuine issue of material fact." *Diamond v. United States*, No. 13-292, 2013 WL 6663411, at *3 (Fed. Cl. Dec. 17, 2013) (quotation marks omitted). It will deny a motion to compel discovery containing only "vague assertions." *Simmons Oil Corp. v. Tesoro Petroleum Corp.*, 86 F.3d 1138, 1144 (Fed. Cir. 1996) (quotation marks omitted). It will likewise deny a discovery request that appears to be motivated by the "speculative hope of finding some evidence that might tend to support a complaint." *Pure Gold, Inc. v. Syntex (U.S.A.), Inc.*, 739 F.2d 624, 627 (Fed. Cir. 1984).

Ms. Trumbley's motion requests "responsive records" from at least six different federal agencies. ECF No. 16 at 4-5. She provides no evidence or argument that a response would produce materially different information than the information Ms. Trumbley has already provided. Further, some of the requests bear the hallmarks of a filing of a so-called sovereign citizen. For example, Ms. Trumbley requests the production of "any Presidential letter of appointment or award … acknowledging the Plaintiff as The Honorable, Exonerate Being of The Executive Branch, Miss Cleopatra Nita Trumbley, Equity Member of the Intelligence Community." ECF No. 16 at 4. She also requests the production of records "associated with the Top Secret Microsoft Irrevocable Trust." *Id.* at 5. This court and others frequently dismiss complaints by plaintiffs claiming to be sovereign citizens, including those alleging "secret, individual trust accounts." *E.g.*, *Potter v. United States*, 161 Fed. Cl. 24, 29 (2022) (quotation marks omitted). Ms. Trumbley has not shown that any discovery might give this court jurisdiction over her complaint.

Ms. Trumbley also requests that the court appoint a classified information security officer. Because Ms. Trumbley has not alleged any facts that would give this court jurisdiction over her

6

complaint, there is no need for the court to appoint a classified information security officer. The court will deny that motion as moot.

### C.    Ms. Trumbley may proceed in forma pauperis

Ms. Trumbley requests to proceed in forma pauperis. ECF Nos. 2, 6. Under 28 U.S.C. § 1915, a litigant may move to proceed in forma pauperis, entitling her to relief from the costs and fees associated with initiating a lawsuit. The court has discretion to grant such a motion whenever it determines, based on the financial information submitted, that the plaintiff is unable to pay the filing fee. *Fourstar v. United States*, 950 F.3d 856, 858 (Fed. Cir. 2020); *Roberson v. United States*, 115 Fed. Cl. 234, 239 (2014), *appeal dismissed*, 556 F. App'x 966 (Fed. Cir. 2014). The threshold to establish the need to proceed in forma pauperis is not high. *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007). "[P]auper status does not require absolute destitution[;] the question is whether the court costs can be paid without undue hardship." *Chamberlain v. United States*, 655 F. App'x 822, 825 (Fed. Cir. 2016) (quotation marks omitted); *see Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).

Ms. Trumbley states in her application that she is unemployed and has $23 in her savings and checking accounts combined. ECF No. 6 at 2. Her only reported source of income is $560 per month in Social Security benefits after child-support garnishment (ECF No. 2), and her monthly rent is $300 (ECF No. 6 at 2). Because she has demonstrated that paying the filing fee would impose an undue hardship, the court will grant her motion to proceed in forma pauperis.

## III.    Conclusion

For the reasons stated above, the court **grants** the government's motion to dismiss, **denies** Ms. Trumbley's motion to compel discovery, **denies as moot** Ms. Trumbley's motion to appoint a classified information security officer, **grants** Ms. Trumbley's motion to proceed in forma pauperis, and **dismisses** the complaint. The clerk of the court shall enter judgment accordingly.

8

**IT IS SO ORDERED.**

/s/ Molly R. Silfen
MOLLY R. SILFEN
Judge

8